UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT
--------------------------------------------------------------- X
Fatima M. Silva,

                        Plaintiff,         **MEMORANDUM AND ORDER**
     -against-                           Case No. 07-1246 (TLM)

Town of Monroe et al.,

                        Defendants,
--------------------------------------------------------------- X

**TUCKER L. MELANÇON, Senior United States District Judge:**

      Before the Court is plaintiff's Motion for Reconsideration and for Leave to Add an Additional Defendant [Rec. Doc. 99], which was referred to the undersigned Senior United States District Judge from the Western District of Louisiana, sitting in the District of Connecticut by designation of the Chief Justice of the United States. Plaintiff moves the Court to reconsider the February 16, 2010 Decision [Rec. Doc. 96] of the Hon. Vanessa L. Bryant, United States District Judge, granting defendants' Motion for Summary Judgment [Rec. Doc. 89], and to grant plaintiff leave to add the State of Connecticut as a defendant in this action. For the reasons that follow, plaintiff's Motion will be DENIED IN PART and DENIED AS MOOT IN PART.

**I.**     **Motion for Reconsideration**

      A.     Timeliness

      While Local Civil Rule 7(c)(1) states that "[m]otions for reconsideration shall be filed and served within fourteen (14) days of the filing of the decision or order from which such relief is sought," and plaintiff's Motion for Reconsideration was filed 28 days after the filing of Judge Bryant's decision, the Court, mindful of her pro se status, will treat plaintiff's Motion as having been timely filed and will decide the Motion on its merits.

B.   Motion for Reconsideration Standard

"The standard for granting [a motion for reconsideration] is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked-matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir.1995). A motion for reconsideration "should not be granted where the moving party seeks solely to relitigate an issue already decided." *Id*.

C.   Plaintiff's Arguments in Support of Reconsideration

Plaintiff first argues that her complaint was properly filed and served. However, as Judge Bryant's decision to grant summary judgment was not based on improper filing or service of plaintiff's complaint, this argument is irrelevant to this Court's consideration of Judge Bryant's Decision.

Second, plaintiff argues that her "case for sexual harassment is a he said, she said" that must be evaluated by a jury. However, Judge Bryant evaluated plaintiff's sexual harassment claim against Sanitarian Thomas Monks under the framework set forth by the United States Supreme Court in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802-04 (1973), and determined that it was not supported by sufficient evidence to survive summary judgment. Plaintiff points to no legal or factual basis for reconsidering Judge Bryant's determination.

Third, plaintiff argues that the questions of law at issue are federal, and thus her action belongs in federal court. However, each of plaintiff's claims based on federal law were decided in defendants' favor in Judge Bryant's decision, leaving only her state tort claim for intentional infliction of emotional distress. Unless plaintiff is able to set forth a sufficient basis for

reconsideration of Judge Bryant's disposition of her federal claims, there is no basis for reconsideration of Judge Bryant's Decision not to exercise supplemental jurisdiction over plaintiff's remaining state law claim.

Fourth, plaintiff argues that, contrary to a finding contained in Judge Bryant's decision's "Factual and Procedural Background" section, the Town of Monroe's Zoning Department signed a letter generated by Chief Building Official James Sandor on March 30, 1999 that stated that her poolroom/sunroom conformed with town codes and regulations. That claim, even if true, is irrelevant to this Court's consideration of Judge Bryant's Decision. Judge Bryant found that plaintiff's June 2006 request for a Permanent Certificate of Occupancy was denied because a Notice of Violation dated August 27, 1999 regarding plaintiff's property was (and still is) pending. The August 27, 1999 Notice of Violation related to the unauthorized installation of two gray water systems on plaintiff's property. The pendency of that Notice of Violation was the basis for the denial of her request, and was entirely independent of any finding that may have been made regarding the poolroom/sunroom. Therefore, plaintiff's allegation regarding the March 30, 1999 letter relating to the poolroom/sunroom does not constitute a factual basis for reconsidering Judge Bryant's determination.

Finally, plaintiff argues that one or more defendants falsely testified at deposition as to whether there "had...been any CCHRO complaints." As noted above, Judge Bryant evaluated plaintiff's sexual harassment claim against Monks under the *McDonnell Douglas* framework and determined that it was not sufficient to survive summary judgment. Even if there have been CCHRO complaints filed against any of the defendants, that fact would not be relevant to this Court's consideration of Judge Bryant's Decision, and thus plaintiff's allegation does not constitute

a basis for reconsideration.

As the plaintiff points to no law or fact that might reasonably be expected to alter the conclusions that Judge Bryant reached in her February 16, 2010 Decision granting defendants' Motion for Summary Judgment, plaintiff's Motion for Reconsideration must be denied.

## II.   Motion for Leave to Add an Additional Defendant

Plaintiff also moves to add the State of Connecticut as a defendant in this action, arguing that the State of Connecticut issued the permits allowing the Town of Monroe to divert water in a way that affected her property and created health issues. As this Court is denying the Motion for Reconsideration of Judge Bryant's Decision, the Judgment rendered in defendants' favor on all claims in this action [Rec. Doc. 97] remains in effect and the case is closed, thus the plaintiff's request is moot and must be denied as such.

## III.   Conclusion

For the foregoing reasons, it is

**ORDERED** that plaintiff's Motion [Rec. Doc. 99] for Reconsideration is **DENIED** and for Leave to Add an Additional Defendant is **DENIED AS MOOT**.

**SO ORDERED.**

_____
Tucker L. Melançon
United States District Judge

April 16, 2010
Lafayette, Louisiana